# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Torrey Devon Williams, ) | Civil Action No.: 5:19-cv-00571-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden of FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |

Petitioner Torrey Devon Williams, proceeding pro se,[1] filed the instant action against Respondent Warden of FCI Williamsburg seeking a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)

This matter is before the court pursuant to Respondent's Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 19.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On October 2, 2019, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court "grant Respondent's Motion to Dismiss, ECF No. 19, deny the [P]etition for [W]rit of [H]abeas [C]orpus, and dismiss the [P]etition without prejudice." (ECF No. 25 at 6.) Petitioner filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF No. 27.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation, **GRANTS** Respondent's

---

[1] "Because he is a pro se litigant, Petitioner's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Petitioner; the court is not required to recognize Petitioner's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

Motion to Dismiss, and **DISMISSES** Petitioner's Habeas Petition without prejudice.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The background of this matter is discussed in the Report and Recommendation. (ECF No. 25 at 1–2.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Petitioner that are pertinent to the analysis of his claims.

Petitioner is a federal inmate presently housed by the United States Bureau of Prisons at Federal Correctional Institution, Williamsburg in Salters, South Carolina. (ECF No. 1 at 1.) On June 2, 2010, the Grand Jury for the Eastern District of North Carolina named Petitioner in an Indictment containing the following three counts:

(1) On or about August 6, 2009, in the Eastern District of North Carolina, the defendant, TORREY DEVON WILLIAMS, did knowingly and intentionally possess with the intent to distribute a quantity of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(2) On or about August 6, 2009, in the Eastern District of North Carolina, the defendant, TORREY DEVON WILLIAMS, did knowingly and intentionally use and carry a firearm, during and in relation to a drug trafficking crime prosecutable in a court of the United States as charged in Count One of the Indictment, and did possess said firearm, in furtherance of said drug trafficking crime, in violation of Title 18, United States Code, Section 924(c).

(3) On or about August 6, 2009, in the Eastern District of North Carolina, the defendant, TORREY DEVON WILLIAMS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm, that is, a Ruger, 9mm pistol and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

*United States v. Williams*, Case No. 5:10-cr-178-BR, ECF No. 1 at 1–2 (E.D.N.C. June 2, 2010). On December 6, 2010, Petitioner entered a plea of guilty to Counts (1) and (3). *Id.* at ECF No. 38 (E.D.N.C.). As a result, the District Court for the Eastern District of North Carolina ("EDNC") sentenced Petitioner on April 5, 2011, to a period of incarceration of 60 months for Count (1) and

120 months consecutive on Count (3), for a total term of 180 months.[2]  *Id.* at ECF Nos. 44, 45 (E.D.N.C.).  The EDNC entered the Judgment on April 14, 2011.  *Id.* at ECF No. 45 (E.D.N.C.).  Petitioner filed a Notice of Appeal on April 16, 2011, and the United States Court of Appeals for the Fourth Circuit affirmed the EDNC's Judgment on January 27, 2012.  *Id.* at ECF Nos. 46, 58 (E.D.N.C.); *see also United States v. Williams*, 462 F. App'x 383 (4th Cir. 2012).

On June 25, 2012, Petitioner filed a document that the EDNC docketed as a Motion to Reduce Sentence and then he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on July 16, 2012, based on the Fourth Circuit's opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  *Williams*, 5:10-cr-178-BR, ECF Nos. 60, 62 (E.D.N.C.).  On September 25, 2012, the EDNC entered an Order and Judgment dismissing Petitioner's Motion to Vacate and denying his Motion to Reduce Sentence.  *Id.* at ECF Nos. 67, 68 (E.D.N.C.).  Petitioner filed a Notice of Appeal on October 9, 2012, and the Fourth Circuit affirmed the EDNC's Judgment on March 28, 2013.  *Id.* at ECF Nos. 72, 75 (E.D.N.C.); *see also United States v. Williams*, 515 F. App'x. 212 (4th Cir. 2013).  Petitioner filed a Motion for Reconsideration on July 8, 2013, which the EDNC denied on

---

[2] The Government offers the following summation regarding Petitioner's sentencing by the EDNC:

> Petitioner objected to a cross reference for attempted murder. *Id.* DE 54, at p. 4-7. The court heard testimony from an ATF agent. DE 54, at pp. 9-27. The district court overruled the objection and applied the cross reference. DE 54, at p. 29. As a result, the advisory guidelines were ten (10) years for Count one and five (5) years for Count three. *Id.* DE 54, at p. 29. The potential sentences were capped by statutory mandatory maximums of five (5) years on Count one and ten (10) years on Count three. Otherwise, Petitioner's guidelines would have been 262 to 327 months. *Id.* DE 54, at p. 34. After recounting the significant criminal history of Williams, including a conviction for involuntary manslaughter, DE 54, at p. 34-36, the court sentenced Williams "in accordance with . . . *United States v. Booker*" to consecutive terms of 60 months imprisonment on Count One and 120 months imprisonment on Count three, for a total term of 180 months imprisonment. *Id.* DE 44, 45, 54.

(ECF No. 19-1 at 2.)

August 27, 2013. *Id.* at ECF Nos. 80, 81 (E.D.N.C.).

After receiving authorization from the Fourth Circuit to file a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner filed a Second Motion to Vacate pursuant to § 2255 on June 29, 2016. *Williams*, 5:10-cr-178-BR, ECF Nos. 91, 92 (E.D.N.C.). On June 6, 2017, the EDNC entered an Order and Judgment on June 9, 2017, which dismissed Petitioner's Motion to Vacate based on *Johnson* and granted the Government's then-pending Motion to Dismiss.[3] *Id.* at ECF Nos. 99, 104, 105 (E.D.N.C.). Petitioner filed a Notice of Appeal on July 10, 2017, and the Fourth Circuit affirmed the EDNC's Judgment on December 27, 2017. *Id.* at ECF Nos. 106, 111 (E.D.N.C.). Subsequently, on May 29, 2018, the Fourth Circuit denied Petitioner's Motion under 28 U.S.C. § 2244 "for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255." *Williams*, 5:10-cr-178-BR, ECF No. 115 (E.D.N.C.); *see also United States v. Williams*, 707 F. App'x 164 (4th Cir. 2017).

On February 25, 2019, Petitioner filed the instant Habeas Petition pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The premise for Petitioner's Habeas Petition is that his sentence in the EDNC "was erroneously calculated under the U.S. Sentencing Guidelines 'Cross Reference' provisions [2k2.1(c); 3D1.2; & 1B1.3(a)(2)]." (ECF No. 1 at 2.) Petitioner asserts that in light of *United States v. Horton*, 693 F.3d 463 (4th Cir 2012), he is entitled to relief because (1) his "sentence [was] erroneously determined based on a cross-reference not applicable under § 2K2.1(c)(1)"; (2)

---

[3] In responding to the Government's Motion to Dismiss, Petitioner argued that the EDNC should apply the Fourth Circuit's holding in *United States v. Horton*, 693 F.3d 463 (4th Cir 2012), and not cross-reference the felon-in-possession guideline to the murder guideline because they are unrelated conduct. *Williams*, 5:10-cr-178-BR, ECF No. 101 at 2–3. Upon its review, the EDNC found that "[t]he rule in *Horton* is not one of constitutional law, let alone one the Supreme Court has made retroactive to cases on collateral review" and was not available for Petitioner's use. *Id.* at ECF No. 104 at 3.

his "sentence [was] erroneously determined based on a misapplication of the 'relevant conduct' guideline under § 1B1.3(a)(2)"; and (3) his "sentence [was] erroneously determined based on a misapplication of 'grouping' offenses under § 3D1.2(d)." (ECF No. 1 at 6–7.) Thereafter, on August 16, 2019, the Government filed a Motion to Dismiss (ECF No. 19) arguing that the court lacks jurisdiction over Petitioner's Habeas Petition because he cannot satisfy the requirements set forth in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (ECF No. 19-1 at 1.) On September 20, 2019, Petitioner filed Opposition to the Motion to Dismiss requesting that the court disregard the Government's position. (ECF No. 23 at 7.)

On October 2, 2019, the Magistrate Judge issued the Report and Recommendation at issue concluding that the Habeas Petition should be dismissed because the court lacks jurisdiction to consider it. (ECF No. 19 at 6.) On October 18, 2019, Petitioner filed Objections to the Report and Recommendation. (ECF No. 27.) The court considers the merits of Petitioner's Objections to the Report and Recommendation below.

## II.  LEGAL STANDARD

A.  <u>Report and Recommendation</u>

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *Id.* at 316. The court may accept, reject, or modify,

5

in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

B.    Habeas Petitions Pursuant to 28 U.S.C. § 2241

"[I[t is well established that defendants convicted in federal court are obligated to seek habeas relief from their convictions and sentences through [28 U.S.C.] § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n.5. However, a petitioner can challenge his federal sentence under § 2241 if he can satisfy the jurisdictional requirements of the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018) (expressly observing that "the savings clause requirements are jurisdictional). The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of his sentence:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (citations omitted). "[I]f a petitioner cannot meet the savings clause requirements, then the § 2241 petition 'must be dismissed for lack of jurisdiction.'" *Robinson v. Hutchinson*, C/A No. 6:19-2831-RMG-KFM, 2019 WL 7580087, at *4 (D.S.C. Nov. 26, 2019)

(quoting *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)).

### III. ANALYSIS

A. <u>The Report and Recommendation</u>

Upon her review, the Magistrate Judge concluded that the court lacks jurisdiction to consider Petitioner's § 2241 petition, as he cannot show that § 2255 is inadequate to test the legality of his sentence." (ECF No. 25 at 5.) In support of her conclusion, the Magistrate Judge observed that "[a]lthough Petitioner relies on [*United States v.*] *Horton*[, 693 F.3d 463 (4th Cir. 2012)] to support his claim that the district misapplied the relevant conduct and grouping guidelines and erroneously relied on the 'cross-reference' enhancement when imposing his sentence, Petitioner has failed to cite to any case law to show *Horton* applies retroactively to cases on collateral review." (ECF No. 25 at 5.) The Magistrate Judge further observed that "[t]o the extent Petitioner alleges he is entitled to relief based on a claim of actual innocence, Petitioner has failed to identify any new evidence which establishes his innocence of the firearm and drug possession charges." (*Id.* (citations omitted).) Therefore, because "Petitioner is not able to meet the § 2255 savings clause," the Magistrate Judge concluded that the "court lacks jurisdiction to consider the petition" and should grant Respondent's Motion to Dismiss. (*Id.*)

B. <u>Petitioner's Objections to the Report and Recommendation</u>

In his Objections to the Report and Recommendation, Petitioner first disagrees with the Magistrate Judge that his "claims fail[] to meet the requirements of *United States v. Wheeler*," because the Fourth Circuit in *Wheeler* did not require a change in the law dictated by the United States Supreme Court in order for application of the savings clause. (ECF No. 27 at 1 (citing *Wheeler*, 886 F.3d 415 (4th Cir. 2018); *In re Jones*, 226 F.3d 328 (4th Cir. 2000)).) Petitioner next objects to the Magistrate Judge's assertion that he "cannot show that his sentence presents an error

sufficiently grave to be fundamentally defective." (*Id.*) In this regard, Petitioner asserts that he has demonstrated that "the increase of his offense level and guideline range [from 103–162 to 262–327] was based on an erroneous application of the cross-reference (attempted murder), and that such an error is a[] fundamental defect and a miscarriage of justice" and caused him prejudice under *Horton*. (*Id.*) As a result of the foregoing, Petitioner requests that the court overrule the Report and Recommendation, grant his Habeas Petition, and reduce his sentence to 130–162 months. (*Id.* at 2.)

C. The Court's Review

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. He argues that this court has jurisdiction to entertain his Habeas Petition based on the Fourth Circuit's holding in *Horton*.

Upon its review, the court observes that the Fourth Circuit decided *Horton* on August 30, 2012, which occurred after the filing dates of Petitioner's direct appeal and his first § 2255 motion. *See Williams*, 5:10-cr-178-BR, ECF Nos. 46, 62 (E.D.N.C.). As a result of this chronology, Petitioner must demonstrate pursuant to *Wheeler* that *Horton* was deemed to apply retroactively on collateral review in order for this court to have jurisdiction over his § 2241 Habeas Petition. *Wheeler*, 886 F.3d at 429 (citations omitted). Unfortunately, neither Petitioner nor this court was able to identify an appellate decision that satisfies the retroactive application on collateral review element of the *Wheeler* jurisdictional prerequisite standard. *Cf. Williams v. United States*, Case Nos. 5:10-CR-00178-BR, 5:16-CV-00631-BR, 2017 WL 2533378, at *2 (E.D.N.C. June 6, 2017) ("The rule in *Horton* is not one of constitutional law, let alone one the Supreme Court has made retroactive to cases on collateral review."). Therefore, the court agrees with the Magistrate Judge that "Petitioner is not able to meet the § 2255 savings clause," and "this court lacks jurisdiction to

8

consider the [P]etition in this case." (ECF No. 25 at 5.) Accordingly, the court finds that Petitioner's Objections are without merit and are **OVERRULED**.

## IV. CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES WITHOUT PREJUDICE** Petitioner Torrey Devon Williams' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and **GRANTS** the Government's Motion to Dismiss (ECF No. 19) for lack of jurisdiction. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** Petitioner Torrey Devon Williams a certificate of appealability.

 **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 9, 2020
Columbia, South Carolina